UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                  <u>DECISION AND ORDER</u>

                                                  03-CR-6142L
                                                  10-CV-6371L

                    v.

JOHN CRUZ,

                        Defendant.
_____

      Defendant John Cruz ("Cruz") has filed a motion, *pro se,* pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction and sentence. The motion is denied and I deny a certificate of appealability because I find the defendant has failed to raise a substantial issue of a violation of his constitutional rights.

      Defendant, represented by counsel, pleaded guilty to Counts I and II of a second superseding indictment charging conspiracy to distribute five kilograms or more of cocaine and to possess firearms in furtherance of a drug trafficking crime. The plea was entered pursuant to a written plea agreement. That agreement provided for an agreed upon sentence of 204 months imprisonment pursuant to FED. R. CRIM. P. 11(c)(1)(C).

      Prior to sentencing, Cruz moved to withdraw his guilty plea. This Court denied the motion. In that decision, the Court rejected Cruz's assertion that the plea was unknowing and involuntary and the Court found that Cruz had failed to establish a fair and just reason for allowing withdrawal of the plea.

On March 7, 2008, the Court accept the Rule 11(c)(1)(C) plea agreement and sentenced Cruz principally to the 204 months term of imprisonment.

Cruz appealed from that judgment and the Court's decision denying the right to withdraw the plea. Cruz's appointed appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) which represented to the Second Circuit that there were no grounds to appeal and, on the Government's motion, the Second Circuit granted summary affirmance.

Thereafter, Cruz filed the instant motion and the Government has responded (Dkt. #453) with a legal memorandum and several relevant attachments.

DISCUSSION

Cruz claims that the judgment should be vacated due to ineffective assistance of trial and appellate counsel. The record does not support either claim.

First of all, defendant pleaded guilty pursuant to a plea agreement which provided for a waiver of appeal or collateral attack of the plea and judgment. Not only does the plea agreement bar direct appeal but also bars this collateral attack. On this basis alone, I would deny the § 2255 motion.

It is true that in some instances claims of ineffective assistance of counsel may be pursued in spite of an appeal waiver. Under those circumstances, though, the burden is on defendant, where there is a guilty plea to establish that the plea was not knowing and voluntary.

A careful review of the plea colloquy on June 28, 2007 and this Court's decision denying the motion to withdraw the plea demonstrate clearly that defendant made a knowing and voluntary decision to plead guilty and accept the benefits of that plea.

At the time of the plea, Cruz acknowledged that he had reviewed the plea, discussed it with counsel and also that he was satisfied with the advice and help given to him by his lawyer.

Defendant did receive a benefit from the plea agreement. The agreement provided for an agreed upon 204 month sentence. By statute defendant faced a possible term of imprisonment of life

and the United States Sentencing Guidelines at the time of the plea also provided, at the upper end of the range, for a sentence of 235 months. As it turned out, after the Probation Department reviewed the matter, apparently based on some conduct occurring after the plea, the Guideline range recommended by Probation was 360 months to life. Therefore, although a 204 month sentence is not insignificant, it was less than what Cruz could have received under the Guidelines determined by Probation, if he had gone to trial.

It also appears from reviewing Cruz's appellate counsel's submissions and the *Anders* brief, that it was primarily the length of the sentence that Cruz wished to challenge on appeal, and he affirmatively directed counsel not to seek withdrawal of the plea and plea agreement.

Defendant admitted during sentencing proceedings that he took responsibility for his crimes and, of course, during the plea colloquy he admitted the essential elements of the crime and acknowledged the accuracy of the factual basis for the plea as set forth in the plea agreement.

The test for determining claims of ineffective assistance of counsel was established in the Supreme Court's decision of *Strickland v. Washington,* 466 U.S. 668 (1984). In order to make a successful claim, a defendant faces a difficult two-part test. He must first demonstrate that counsel's performance was deficient and that the deficient performance was prejudicial. In this case, Cruz can do neither. Cruz went through several attorneys and the record supports the view that counsel obtained an agreement that was of some benefit to Cruz. More to the point, Cruz was questioned at length by the Court during the taking of the plea and he evinced no hesitation or doubt about taking the plea and freely admitted his guilt.

Cruz has also failed to demonstrate how the result would have been any different. Cruz pleaded guilty and understood at all times that the sentence must be 204 months if it was accepted by the Court. That circumstance was explained to Cruz in depth at the time of plea. Some of the matters raised in Cruz's present motion relate to matters that might have been advanced at trial but when one pleads guilty, matters relating to a possible trial presentation is of no moment.

For the reasons I previously stated in my decision denying Cruz's motion to withdraw the plea, and based on the arguments advanced in the Government's response to the instant motion (Dkt. #453), I find no basis to grant the requested relief and, therefore, deny the motion.

Furthermore, because I find that Cruz has failed to make a substantial showing of the denial of a constitutional right, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 11, 2012.